Fill in this information to identify the case:

| | |
|---|---|
| Debtor 1 | **Deborah Denise Reed** |
| Debtor 2 (Spouse, if filing) | **Paul Ervin Reed Jr.** |
| United States Bankruptcy Court for the: | **Northern** District of **Texas** |
| Case number | 24-44478-mxm13 |

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
McNeil & Meyers Receivables Management Group, LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
[X] No
[ ] Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

McNeil & Meyers Receivables Management Group, LLC
Name

610 S. Industrial Blvd Ste# 100
Number     Street

Euless, TX 76040
City          State     Zip Code

Contact phone _____

Contact email _____

Where should payments to the creditor be sent? (if different)

McNeil & Meyers Receivables Management Group, LLC

610 S. Industrial Blvd Ste# 100
Number     Street

Euless, TX 76040
City          State     Zip Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**
[X] No
[ ] Yes. Claim number on court claims registry (if known) _____ Filed on ___/___/___ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
[X] No
[ ] Yes. Who made the earlier filing? _____

Case 24-44743-mxm13 Claim 13 Filed 02/10/25 Desc Main Document Page 2 of 16
Case 4-44743-mxm13 Claim 31 Filed 02/10/25 Desc Main Document Page 2 of 16
Exhibit C - McNeil Proof of Claim No. 31    Page 2 of 16

Plaintiffs' Exhibit C
Page 2 of 16

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**
☐ No
☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 5650

**7. How much is the claim?** $ 75,184.04 . Does this amount include interest or other charges?
☐ No
☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

Money Loaned

**9. Is all or part of the claim secured?**
☐ No
☒ Yes. The claim is secured by a lien on property
**Nature of property:**
☒ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
**Describe:** 120 Saddle Ridge Godley, TX 76044
☐ Motor vehicle
☐ Other. Describe:

**Basis for perfection:** Deed of Trust
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $
**Amount of the claim that is secured:** $ 75,184.04
**Amount of the claim that is unsecured:** $ 0.00     (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ 11,293.20

**Annual Interest Rate** (when case was filed) 7.250 %
☒ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☒ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $

**11. Is this claim subject to a right of setoff?**
☒ No
☐ Yes. Identify the property:

Case 8:24-bk-11057-TA Claim 13-1 Filed 02/10/25 Desc Main Document Page 3 of 16
Case 8:24-ap-01173-TA Doc 13 Filed 02/26/25 Entered 02/26/25 12:38:27 Desc
Exhibit C - McNeil Proof of Claim No. 31   Page 3 of 16

Plaintiffs' Exhibit C
Page 3 of 16

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | [X] No<br>[ ] Yes. *Check all that apply* | **Amount entitled to priority** |
| | [ ] Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B) | $ _____ |
| | [ ] Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | [ ] Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | [ ] Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | [ ] Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | [ ] Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ _____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

### Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

[ ] I am the creditor.

[X] I am the creditor's attorney or authorized agent.

[ ] I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

[ ] I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   02/10/2025
                   MM / DD / YYYY

/s/ Nathan F. Smith
_____
Signature

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | Nathan | F | Smith |
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | MALCOLM ♦ CISNEROS, A Law Corporation | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 2112 Business Center Drive | | |
| | Number  Street | | |
| | Irvine | California | 92612 |
| | City | State | Zip Code |
| Contact Phone | (949) 252-9400 | Email | nathan@mclaw.org |

# Mortgage Proof of Claim Attachment

(12/23)

Case 24-44478-mxm13    Claim 31    Filed 02/10/25    Entered 02/10/25 22:38:27    Page 4 of 16

Exhibit C - McNeil Proof of Claim No. 31 Page 4 of 16

Plaintiffs' Exhibit C
Page 4 of 16

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

| Part 1: Mortgage and Case Information | | Part 2: Total Debt Calculation | | Part 3: Arrearage as of Date of the Petition | | Part 4: Monthly Mortgage Payment | |
|---|---|---|---|---|---|---|---|
| Case number: | 24-44478-mxm13 | Principal balance | $66,437.88 | Principal due: | $2,207.93 | Principal & interest: | $554.14 |
| | | | | Interest due: | $6,718.94 | | |
| | | Interest due: | $6,379.83 | Prepetition fees due: | $2,366.33 | Monthly escrow: | $0.00 |
| Debtor 1: | Deborah Denise Reed | | | Escrow deficiency for funds advanced: | $0.00 | Private mortgage insurance: | $0.00 |
| Debtor 2: | Paul Ervin Reed Jr. | Fees, Costs due: | $2,366.33 | | | | |
| Last 4 digits to identify | 5 6 5 0 | Escrow deficiency for funds advanced: | $0.00 | Projected escrow shortage: | $0.00 | Total monthly payment | $554.14 |
| Creditor: | McNeil & Meyers Receivables Management Group, LLC | Less total funds on hand: | - $0.00 | Less total funds on hand: | - $0.00 | | |
| Servicer | McNeil & Meyers Receivables Management Group, LLC | Total debt: | $75,184.04 | Total prepetition arrearage: | $11,293.20 | | |
| Fixed accrual/daily simple interest/other | Fixed | | | | | | |

**Part 5 : Loan Payment History from First Date of Default**          ***LOAN TRANSACTION DETAIL ATTACHED***

| | Account Activity | | | | | | How Funds Were Applied/Amount Incurred | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual Payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
| 6/8/2023 | | $552.14 | | Regular Payment | 6/30/2023 | -$552.14 | $138.92 | $413.22 | | | | $66,437.88 | | $0.00 | $0.00 | $0.00 |
| 6/30/2023 | $552.14 | | | Payment due | | $0.00 | | | | | | $66,437.88 | | $0.00 | $0.00 | $0.00 |
| 7/30/2023 | $525.11 | | | Payment due | | $525.11 | | | | | | $66,437.88 | | $0.00 | $0.00 | $0.00 |
| 8/30/2023 | $525.11 | | | Payment due | | $1,050.22 | | | | | | $66,437.88 | | $0.00 | $0.00 | $0.00 |
| 9/30/2023 | $525.11 | | | Payment due | | $1,575.33 | | | | | | $66,437.88 | | $0.00 | $0.00 | $0.00 |
| 10/30/2023 | $525.11 | | | Payment due | | $2,100.44 | | | | | | $66,437.88 | | $0.00 | $0.00 | $0.00 |
| 11/30/2023 | $525.11 | | | Payment due | | $2,625.55 | | | | | | $66,437.88 | | $0.00 | $0.00 | $0.00 |
| 12/30/2023 | $525.11 | | | Payment due | | $3,150.66 | | | | | | $66,437.88 | | $0.00 | $0.00 | $0.00 |
| 1/30/2024 | $525.11 | | | Payment due | | $3,675.77 | | | | | | $66,437.88 | | $0.00 | $0.00 | $0.00 |
| 2/29/2024 | $525.11 | | | Payment due | | $4,200.88 | | | | | | $66,437.88 | | $0.00 | $0.00 | $0.00 |
| 3/30/2024 | $525.11 | | | Payment due | | $4,725.99 | | | | | | $66,437.88 | | $0.00 | $0.00 | $0.00 |
| 4/30/2024 | $525.11 | | | Payment due | | $5,251.10 | | | | | | $66,437.88 | | $0.00 | $0.00 | $0.00 |
| 5/30/2024 | $525.11 | | | Payment due | | $5,776.21 | | | | | | $66,437.88 | | $0.00 | $0.00 | $0.00 |
| 6/30/2024 | $525.11 | | | Payment due | | $6,301.32 | | | | | | $66,437.88 | | $0.00 | $0.00 | $0.00 |
| 7/30/2024 | $525.11 | | | Payment due | | $6,826.43 | | | | | | $66,437.88 | | $0.00 | $0.00 | $0.00 |
| 8/30/2024 | $525.11 | | | Payment due | | $7,351.54 | | | | | | $66,437.88 | | $0.00 | $0.00 | $0.00 |
| 9/30/2024 | $525.11 | | | Payment due | | $7,876.65 | | | | | | $66,437.88 | | $0.00 | $0.00 | $0.00 |

Case 24-44478-mxm13 Claim 31 Filed 02/10/25 Desc Main Document Page 5 of 16
Exhibit C - McNeil Proof of Claim No. 31    Page 5 of 16

Plaintiffs' Exhibit C
Page 5 of 16

# Mortgage Proof of Claim Attachment: Additional Page (12/23)

| Case Number | 24-44478-mxm13 |
|---|---|
| Debtor 1 | Deborah Denise Reed |

**Part 5 : Loan Payment History from First Date of Default**

| Account Activity | | | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual Payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
| 10/30/2024 | $525.11 | | | Payment due | | $8,401.76 | | | | | | $66,437.88 | | $0.00 | $0.00 | $0.00 |
| 11/30/2024 | $525.11 | | | Payment due | | $8,926.87 | | | | | | $66,437.88 | | $0.00 | $0.00 | $0.00 |
| 11/30/2024 | | | $240.00 | Late charges | | $8,926.87 | | | | $240.00 | | $66,437.88 | | $0.00 | $240.00 | $0.00 |
| 11/30/2024 | | | $2,126.33 | Foreclosure Fees | | $8,926.87 | | | | $2,126.33 | | $66,437.88 | | $0.00 | $2,366.33 | $0.00 |
| 12/2/2024 | | | | BK Filed | | $8,926.87 | | | | | | $66,437.88 | | $0.00 | $2,366.33 | $0.00 |

Official Form 410A **Mortgage Proof of Claim Attachment** page 2 of 2

**PROOF OF SERVICE**

I am employed by the law firm of Malcolm & Cisneros in the county of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2112 Business Center Drive, Second Floor, Irvine, California 92612

On February 10, 2025, I caused to be served the document entitled:

**PROOF OF CLAIM**

on the following interested parties:

| Debtor(s):<br><br>Deborah Denise Reed<br>120 Saddle Ridge Drive<br>Godley, TX 76044<br><br>Paul Ervin Reed Jr.<br>120 Saddle Ridge Drive<br>Godley, TX 76044 | Debtor's Attorney:<br><br>Warren V. Norred<br>Norred Law PLLC<br>515 E. Border Street<br>Arlington, TX 76010 |
|---|---|
| Chapter 13 Trustee:<br><br>Pam Bassel<br>Office of The Standing Ch.13 Trustee<br>860 Airport Freeway<br>Suite 150<br>Hurst, TX 76054 | |

☒ (By Mail) I caused each envelope, with postage prepaid, to be placed in the United States Mail at Irvine, California

☐ (By Hand) I caused each envelope to be delivered by hand

☐ (By Overnight Courier) I caused each envelope, with postage prepaid, to be sent by Federal Express/Express Mail.

☐ (By Facsimile Transmission) I caused each document to be sent by automatic facsimile transmission to the following telephone numbers and confirmed by voice communication that the transmission was received:

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction service was made and that the foregoing is true and correct and this declaration was executed on the date indicated below at Irvine, California.

Dated: February 10, 2025                     /s/ Diep Quach
                                                                Diep Quach

Case 24-04078-mxm Claim 31-3 Filed 02/10/25 Desc Main Document Page 7 of 16
Exhibit C - McNeil Proof of Claim No. 31   Page 7 of 16
Plaintiffs' Exhibit C
Page 7 of 16

**Fort Worth Community CREDIT UNION**

**LOANLINER** | REAL ESTATE LENDING 

POWERED BY CUNA MUTUAL GROUP

# NOTE

| DATE | ACCOUNT NUMBER | LOAN ID # | CONTRACT NUMBER | REFERENCE NUMBER | MATURITY DATE |
|---|---|---|---|---|---|
| 4/14/2021 | | | | | 4/30/2041 |

**BORROWER 1**
NAME AND ADDRESS
DEBORAH C REED
120 SADDLE RIDGE
GODLEY, TX 76044

**BORROWER 2**
NAME (AND ADDRESS IF DIFFERENT FROM BORROWER 1)

**BORROWER 3**

**BORROWER 4**

PROPERTY ADDRESS
120 SADDLE RIDGE

CITY | STATE | ZIP CODE
GODLEY, TX 76044

LOAN ORIGINATOR ORGANIZATION
Fort Worth Community Credit Union

NMLSR ID NUMBER

LOAN ORIGINATOR
TERESA MEYERS

NMLSR ID NUMBER

In this agreement "Borrower" or "I" mean each person who signs, or otherwise authenticates, this Note. The Lender, as defined below and anyone who takes this Note by transfer and is entitled to receive payments under this Note will be called the "Note Holder".

**1. BORROWER'S PROMISE TO PAY** – In return for a loan that I have received, I promise to pay U.S. $ 69,678.13   (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is Fort Worth Community Credit Union
1905 Forest Ridge Drive
Bedford, TX 76021
I understand that the Lender may transfer this Note.

**2. INTEREST** – I will pay interest at a yearly rate of   7.250 %. Interest will be charged on that part of principal which has not been paid. Interest will be charged beginning on the date of this Note and continuing until the full amount of principal has been paid.

**3. PAYMENTS** – I will pay principal and interest by making payments each month of U.S. $ $552.14    . I will make my payments on the 30th day of each month beginning on [ 5/30/2021 ]. I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on [ 4/30/2041 ], I still owe amounts under this Note, I will pay all those amounts, in full, on that date. I will make my monthly payments at

Fort Worth Community Credit Union
1905 Forest Ridge Drive
Bedford, TX 76021

or at a different place if required by the Note Holder.

**4. BORROWER'S FAILURE TO PAY AS REQUIRED** –
**(A) Late Charge for Overdue Payments:**

4% of monthly payment when 15 or more days late.

**(B) Notice From Note Holder:** If I do not pay the full amount of each monthly payment on time, the Note Holder may send a written notice stating that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 20 days after the date on which the notice is mailed or, if not mailed, 20 days after the date on which it is delivered, notwithstanding anything in the Deed of Trust to the contrary.

**(C) Default:** If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require immediate payment of the full amount of principal which has not been paid and all the interest that I owe on that amount. Even if, at a time when I am in default, the Note Holder does not require immediate payment of the full amount as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(D) Payment of Note Holder's Costs and Expenses:** If the Note Holder has required immediate payment in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**5. THIS NOTE SECURED BY A MORTGAGE OR DEED OF TRUST**
**x** In addition to the protections given to the Note Holder under this Note, a Mortgage or Deed of Trust, dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage or Deed of Trust describes how and under what conditions I may be

© CUNA Mutual Group 2015 All Rights Reserved     Page 1 of 2     ETX660-E
MLLN-Note-and-Disclosure-Statement

required to make immediate payment in full of all amounts that I owe under this Note.

## 6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE –

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment". When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment". A prepayment of only part of the unpaid principal is known as a "partial prepayment".

I may make a full prepayment or a partial repayment without paying any penalty. The Note Holder will use all such prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of any monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require the prepayment on the same day that a monthly payment is due. The Note Holder may also require that the amount of any partial prepayment be equal to the amount of principal that would have been part of the next one or more monthly payments.

## 7. BORROWER'S WAIVERS –

I waive the right to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep the promises agreed upon under this Note, or who signs, or otherwise authenticates, this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers".

## 8. GIVING OF NOTICES –

Any notice that must be given under this Note will be given by delivering it or by mailing it by First Class mail addressed to the Borrower at the Property Address above. A notice will be delivered or mailed to the Borrower at a different address if the Borrower provides written notice to the Note Holder of such different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by First Class mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if the Borrower is given notice of that different address.

## 9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE –

If more than one person signs, or otherwise authenticates, this Note, each Borrower is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do the same. The Note Holder may enforce its rights under this Note against each Borrower individually or against all Borrowers together. This means that any one Borrower may be required to pay all of the amounts owed under this Note. No person may take over the obligations of this Note without the express written permission of the Note Holder. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

## 10. NO ORAL AGREEMENTS –

THIS NOTE CONSTITUTES A "WRITTEN LOAN AGREEMENT" PURSUANT TO SECTION 26.02 OF THE TEXAS BUSINESS AND COMMERCE CODE, IF SUCH SECTION APPLIES. THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

## 11. BALLOON PAYMENT –

☐ The following notice only applies if the box at the left is checked:

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

## 12. ADDITIONAL PROVISIONS –

| Borrower 1 Signature | Date |
|---|---|
| X *Deborah C Reed* **DEBORAH C REED** | 4-14-21 (Seal) 4/14/2021 |

| Signature | Date |
|---|---|
| X | (Seal) 4/14/2021 |

☐ Borrower 3   ☐ Witness

| Borrower 2 Signature | Date |
|---|---|
| X | (Seal) 4/14/2021 |

| Signature | Date |
|---|---|
| X | (Seal) 4/14/2021 |

☐ Borrower 4   ☐ Witness

Case 24-40741-mxm16   Claim 31-3   Filed 02/10/25   Desc Main 02/10/25 22:38  Page 9 of 16
Exhibit C - McNeil Proof of Claim No. 31   Page 9 of 16    Plaintiffs' Exhibit C
Page 9 of 16

# DEED OF TRUST



You're worth more (to us)

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE.

Date: 4/14/2021

Grantor: DEBORAH D. REED                    PAUL E. REED (SPOUSE)

Grantor's Mailing Address (including county):

120 SADDLE RIDGE
GODLEY, TX 76044
JOHNSON COUNTY

Trustee: Diane Dorsey

Trustee's Mailing Address (including county):

P.O. Box 210848
Bedford, Texas 76095
(Tarrant County)

Beneficiary: **FORT WORTH COMMUNITY CREDIT UNION**, a state chartered credit union

Beneficiary's Mailing Address (including county):

P.O. Box 210848
Bedford, Texas 76095
(Tarrant County)

Note Date: 4/14/2021

Amount: $ 69,678.13

Maker: DEBORAH D. REED

Payee: Fort Worth Community Credit Union

Final Maturity Date: 4/30/2041

Property (including improvements):

LOT 3, BLOCK 1, OF TIMBER CREEK ESTATES, AN ADDITION TO THE CITY OF GODLEY, JOHNSON COUNTY, TEXAS, ACCORDING TO THE PLAT RECORDED IN VOLUME 11, PAGE 684, PLAT RECORDS, JOHNSON COUNTY, TEXAS; TOGETHER WITH CERTIFICATE OF CORRECTION RECORDED UNDER INSTRUMENT NO. 2019-21867, OFFICIAL PUBLIC RECORDS, JOHNSON COUNTY, TEXAS.

Prior Lien(s) (including recording information): N/A

_____

For purposes of this Deed of Trust, the foregoing terms shall have the definitions and meanings set forth above. Each reference in this Deed of Trust to any of the foregoing provisions and defined terms shall be construed to incorporate such term as set forth above.

For value received and to secure payment of the Note, Grantor conveys the Property to Trustee in trust. Grantor warrants and agrees to defend the title to the Property. If Grantor performs all the covenants and pays the Note according to its terms, this Deed of Trust shall have no further effect, and Beneficiary shall release it at Grantor's expense.

1

Case 24-04081-mxm Doc 13-3 Filed 02/02/26 Entered 02/02/26 22:38:27 Page 10 of 16
Exhibit C - McNeil Proof of Claim No. 31   Page 10 of 16
Plaintiffs' Exhibit C
Page 10 of 16

**Grantor's Obligations**

Grantor agrees to:

A. keep the Property in good repair and condition;

1. Pay all taxes and assessments on the Property when due;

2. Preserve the lien's priority as it is established in this Deed of Trust;

3. Maintain, in a form acceptable to Beneficiary, an insurance policy that:
   a. covers all improvements for their full insurable value as determined when the policy is issued and renewed, unless Beneficiary approves a smaller amount in writing;
   b. contains an 80% coinsurance clause;
   c. provides fire and extended coverage, including windstorm coverage;
   d. protects Beneficiary with a standard mortgage clause;
   e. provides flood insurance at any time the Property is in a flood hazard area; and
   f. contains such other coverage as Beneficiary may reasonably require;

4. comply at all times with the requirements of the 80% coinsurance clause;

5. deliver the insurance policy to Beneficiary and deliver renewals to Beneficiary at least ten days before expiration;

6. keep all buildings occupied as required by the insurance policy; and

7. if this is not a first lien, pay all prior lien notes that Grantor is personally liable to pay and abide by all prior lien instruments.

**Beneficiary's Rights**

A. Beneficiary may appoint in writing a substitute or successor trustee, succeeding to all rights and responsibilities of Trustee.

1. If the proceeds of the Note or Notes are used to pay any debt secured by prior liens, Beneficiary is subrogated to all of the rights and liens of the holders of any debt so paid.

2. Beneficiary may apply any proceeds received under the insurance policy either to reduce the Note or to repair or replace damaged or destroyed improvements covered by the policy.

3. If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand at the place where the Note is payable for any sums so paid, including attorneys' fees, plus interest on those sums from the dates of payment at the rate stated in the Note for matured, unpaid amounts. The sum to be reimbursed shall be secured by this Deed of Trust.

4. If Grantor defaults on the Note or fails to perform any of Grantor's obligations or if default occurs on a prior lien note or other instrument, and the default continues after Beneficiary gives Grantor notice of the default and the time within which it must be cured, as may be required by law or by written agreement, then Beneficiary may:
   a. declare the unpaid principal balance and earned interest on the Note immediately due;
   b. request Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended; and
   c. purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Note.

2

McNeil Deed of Trust LTR

Case 4:24-cv-04781 Document 133-3 Filed on 02/02/26 Entered 02/02/26 21:38:27 Page 14 of 16
Exhibit C - McNeil Proof of Claim No. 31    Page 11 of 16
Plaintiffs' Exhibit C
Page 11 of 16

### Trustee's Duties

If requested by Beneficiary to foreclose this lien, Trustee shall:

A. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then amended;

1. sell and convey all or part of the Property to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to other exceptions to conveyance and warranty; and

2. from the proceeds of the sale, pay, in this order:

   a. expenses of foreclosure, including a commission to Trustee of 5% of the bid;

   b. to Beneficiary, the full amount of principal, interest, attorneys' fees, and other charges due and unpaid;

   c. any amounts required by law to be paid before payment to Grantor; and

   d. to Grantor, any balance.

### General Provisions

A. If any of the Property is sold under this Deed of Trust, Grantor shall immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

1. Recitals in any Trustee's deed conveying the Property will be presumed to be true.

2. Proceeding under this Deed of Trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

3. This lien shall be superior to liens later created even if the time of payment of all or part of the Note is extended or part of the Property is released.

4. If any portion of the advancements cannot be lawfully secured by this Deed of Trust, payments shall be applied first to discharge that portion.

5. Grantor assigns to Beneficiary all sums payable to or received by Grantor from condemnation of all or part of the Property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the Property. After deducting any expenses incurred, including attorneys' fees, Beneficiary may release any remaining sums to Grantor or apply such sums to reduce the Note. Beneficiary shall not be liable for failure to collect or to exercise diligence in collecting any such sums.

6. Grantor assigns to Beneficiary absolutely, not only as collateral, all present and future rent and other income and receipts from the Property. Leases are not assigned. Grantor warrants the validity and enforceability of the assignment. Grantor may as Beneficiary's licensee collect rent and other income and receipts as long as Grantor is not in default under the Note or this Deed of Trust. Grantor will apply all rent and other income and receipts to payment of the Note and performance of this Deed of Trust, but if the rent and other income and receipts exceed the amount due under the Note and Deed of Trust, Grantor may retain the excess. If Grantor defaults in payment of the Note or performance of this Deed of Trust, Beneficiary may terminate Grantor's license to collect and then as Grantor's agent may rent the Property if it is vacant and collect all rent and other income and receipts. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the Property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the Property. Beneficiary shall apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Beneficiary's rights and remedies and then to Grantor's obligations under the Note and this Deed of Trust in the order determined by Beneficiary. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies. If Grantor becomes a voluntary or involuntary bankrupt, Beneficiary's filing a proof of claim in bankruptcy will be tantamount to the appointment of a receiver under Texas law.

7. Interest on the debt secured by this Deed of Trust shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

MH N HI Deed of Trust LTR

Case 4:24-cv-00781 Document 13-3 Filed 02/02/26 Entered 02/02/26 22:38:27 Page 12 of 16
Exhibit C - McNeil Proof of Claim No. 31   Page 12 of 16
Plaintiffs' Exhibit C
Page 12 of 16

8. Grantor represents, warrants and covenants that Grantor has not used Hazardous Materials (as defined hereinafter) on, or affecting the Property in any manner which violates federal, state or local laws, ordinances, regulations or judgments governing the use, storage, manufacture, or disposal of Hazardous Materials ("Environmental Laws"), and that, to the best of Grantor's knowledge, no prior owner of the Property or any current or prior occupant has used Hazardous Materials on or affecting the Property in any manner which violates Environmental Laws. Grantor covenants and agrees that neither it nor any occupant shall use, introduce or maintain Hazardous Materials on the Property in any manner unless done in strict compliance with all Environmental Laws. Additionally, Grantor shall defend, indemnify and hold harmless Beneficiary, its employees, agents, officers and directors and Trustee, from and against any and all claims, demands, penalties, fines, liabilities, settlements, damages, costs or expenses of whatever kind or nature arising out of or related to the presence, disposal, release or threatened release of any Hazardous Materials on, from or affecting the Property or the soil, water, vegetation, buildings, personal property, persons or animals thereon. For purposes of this Deed of Trust, "Hazardous Materials" includes without limitation any flammable explosives, radioactive materials, hazardous materials, hazardous wastes, hazardous or toxic substances or related materials defined in the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended (42 U.S.C. Sections 9601, et seq.), the Hazardous Materials Transportation Act, as amended (49 U.S.C. Section 1801, et seq.), the Resource Conservation and Recovery Act, as amended (42 U.S.C. Sections 6901, et seq.) and in the regulations adopted and publications promulgated pursuant thereto, or any other federal, state or local governmental law, ordinance, rule, or regulation.

9. If all or any part of the Property or any interest therein is sold or assigned, transferred, conveyed, encumbered or full possessory rights therein transferred, conveyed or encumbered, whether voluntary, involuntary or by operation of law, in either or any case without the prior written consent of the Beneficiary, such event shall constitute an event of default under this Deed of Trust, in which event the Beneficiary, at its option, may require immediate payment of all sums secured by this Deed of Trust and may invoke any remedies following acceleration permitted by this Deed of Trust without further notice or demand on Grantor.

10. The Note renews and extends the balance of 0.00 Dollars ($ 0.00 ) that Grantor owes on a prior note in the original principal sum of _____ Dollars ($ 0.00 ), which is dated _____, executed by Grantor and payable to the order of Fort Worth Community Credit Union. The prior note is secured by a Mechanic's Lien Contract with power of sale crating a lien on the Property, which is between Grantor, as Owner, and N/A, as Contractor ("Contractor") and which is dated N/A and recorded in Volume _____, Page _____, of the mechanic's lien records of N/A County, Texas. Grantor acknowledges that the lien securing the prior note is valid, that it subsists against the Property, and that by this instrument it is hereby renewed and extended in full force until the Note secured by this Deed of Trust is paid. The prior note and the lien securing it have been transferred to Beneficiary by Assignment and Transfer of Lien executed by Contractor.

11. When the context requires, singular nouns and pronouns include the plural.

12. The term "Note" includes all sums secured by this Deed of Trust.

13. This Deed of Trust shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.

14. If Grantor and Maker are not the same person, the term "Grantor" shall include Maker.

EXECUTED to be effective as of the date written above.

GRANTOR:

*Deborah D Reed*    4-14-21
DEBORAH D. REED

*[signature]*    4-14-21
PAUL E. REED (SPOUSE)

4

MLNL HI Deed of Trust LTR

Case 4:24-cv-00781... Claim 31-3 Filed 02/02/26 ... Page 13 of 16
Case 24-41108-mxm13 Doc 133 Filed 02/02/26 Entered 02/02/26 ... Page 13 of 16
Exhibit C - McNeil Proof of Claim No. 31   Page 13 of 16
Plaintiffs' Exhibit C
Page 13 of 16

## ACKNOWLEDGMENT

THE STATE OF TEXAS
COUNTY OF Tarrant

This instrument was acknowledged before me on the 14th day of April, 2021, by
DEBORAH D. REED

[Notary seal: TERESA MEYERS, My Notary ID # 11260137, Expires June 18, 2022]

_Teresa Meyers_
Notary Public in and for the State of Texas

THE STATE OF TEXAS
COUNTY OF Tarrant

This instrument was acknowledged before me on the 14th day of April, 2021, by
PAUL E. REED

[Notary seal: TERESA MEYERS, My Notary ID # 11260137, Expires June 18, 2022]

_Teresa Meyers_
Notary Public in and for the State of Texas

Fort Worth Community Credit Union
**Loan Originator Organization**

[redacted]
**NMLSR ID Number**

TERESA MEYERS
**Loan Originator**

[redacted]
**NMLSR ID Number**

**AFTER RECORDING RETURN TO:**

FORT WORTH COMMUNITY CREDIT UNION
P.O. Box 210848
Bedford, Texas 76095
Attn: Mtg. Dept.

5

MLLN-HI-Deed-of-Trust

Case 24-04081-mxm Doc 13-3 Filed 02/02/26 Entered 02/02/26 22:38:27 Page 14 of 16
Exhibit C - McNeil Proof of Claim No. 31   Page 14 of 16
Plaintiffs' Exhibit C
Page 14 of 16



**Johnson County**
**Becky Ivey**
Johnson County Clerk

Instrument Number: 14417

Real Property Recordings

Recorded On: April 22, 2021 10:55 AM                Number of Pages: 6

" Examined and Charged as Follows: "

Total Recording: $42.00

*********** THIS PAGE IS PART OF THE INSTRUMENT ***********
Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

**File Information:**
Document Number:  14417
Receipt Number:   20210422000102
Recorded Date/Time: April 22, 2021 10:55 AM
User:             Michelle D

**Record and Return To:**
FORT WORTH COMMUNITY CREDIT UNION
PO BOX 210848

Case 4:24-cv-00781-O Document 131-3 Filed 02/02/26 Entered 02/02/26 22:38:27 Page 15 of 16
Exhibit C - McNeil Proof of Claim No. 31    Page 15 of 16

Plaintiffs' Exhibit C
Page 15 of 16

Date 5/20/2024

Assignment of  Deed of Trust
(Mortgage, Deed, Deed of Trust)

KNOW ALL MEN BY THESE PRESENTS, That    Knight Specialty Insurance Company
(Name of Lender)
organized under the laws of the State of Delaware, with its principal office and place of business located at:
C/O NFP Corp.
1401 Sunset Dr, Suite 201
Greensboro, NC 27408

for value received, the receipt whereof is hereby acknowledged, by these presents does hereby sell, assign, transfer and set over unto the:
McNeil & Meyers Receivables Management Group, LLC
3525 N Causeway Blvd, Suite # 833
Metairie, LA 70002

all its rights, title, and interest in and to an instrument dated the 14th day of April 2021, executed by Deborah D. Reed as recorded on 4/22/2021 in the official records of Johnson County, State of Texas, document # 2021-14417 covering the following described real property: (Describe or Attach Legal Description, if required)

*PROPERTY ADDRESS: 120 Saddle Ridge, Godley, TX 76044*
*LOT 3, BLOCK, 1, OF TIMBER CREEK ESTATES, AN ADDITION TO THE CITY OF GODLEY, JOHNSON COUNTY, TEXAS, ACCORDING TO THE PLAT RECORDED IN VOLUME 11, PAGE 684, PLAT RECORDS, JOHNSON COUNTY, TEXAS; TOGETHER WITH CERTIFICATE OF CORRECTION RECORDED UNDER INSTRUMENT NO. 2019-21867, OFFICIAL PUBLIC RECORDS, JOHNSON COUNTY, TEXAS.*

The undersigned, Rick Hughes, Sr Vice President, on behalf of Knight Management Insurance Services, LLC., on behalf of Knight Specialty Insurance Company.

BY _____(Signature)_____    Sr Vice President (Title)

STATE of: NC
COUNTY of: Guilford
On this 20th day of May, 2024, before the undersigned a Notary Public, appeared Rick Hughes, Sr Vice President
(Name of Signer)    (Title)
who on oath states that he/she executed the foregoing instrument on behalf of the Assignor for the purpose expressed therein.

SCOTT D. UPMAL
Notary Public, North Carolina
Randolph County
My Commission Expires
March 06, 2026

Prepared by: Casey Brien, NFP Corp.1852 Banking St. #9474, Greensboro, NC 27408
(Name, Firm and Address Required)

Case 4:24-cv-... Claim 13-3 Filed 02/02/26 Entered 02/02/26 12:38:27 Page 16 of 16
Exhibit C - McNeil Proof of Claim No. 31   Page 16 of 16
Plaintiffs' Exhibit C
Page 16 of 16
2024-19957 07/16/2024 1:59 PM Page 2 of 2

# Johnson County
## April Long
Johnson County
Clerk

---

Instrument Number:  2024 - 19957

eRecording - Real Property

Assignment

Recorded On: July 16, 2024 01:55 PM              Number of Pages: 2

---

" Examined and Charged as Follows: "

Total Recording: $25.00

---

*********** **THIS PAGE IS PART OF THE INSTRUMENT** ***********
Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

**File Information:**               **Record and Return To:**
Document Number:   2024 - 19957     Simplifile
Receipt Number:    20240716000131   5072 North 300 West
Recorded Date/Time: July 16, 2024 01:55 PM
User:              Amanda T          PROVO UT
Station:           ccl83



**STATE OF TEXAS**
**COUNTY OF JOHNSON**

I hereby certify that this Instrument was FILED In the File Number sequence on the date/time printed hereon, and was duly RECORDED in the Official Records of Johnson County, Texas.

April Long
Johnson County Clerk
Johnson County, TX

*April Long*